UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>U.S. Bank Trust, N.A.,
as Trustee of the
Dwelling Series IV Trust</u>

    v.                                         Case No. 22-cv-19-JL

<u>Darcy Kattar, et al.</u>

### REPORT AND RECOMMENDATION

The plaintiff, U.S. Bank Trust, N.A. (U.S. Bank), initiated this interpleader action in Rockingham County Superior Court to determine the appropriate disposition of surplus funds resulting from a foreclosure sale of defendant Darcy Kattar's property in Salem, New Hampshire. U.S. Bank named as defendants individuals and entities believed to have an interest in the surplus funds including former property owner, Kattar, the United States of American through its agency the Internal Revenue Service (IRS), Timberland Machines & Irrigation, Inc. (Timberland Machines), and United Guaranty Residential Insurance Company (United Guaranty). The IRS removed this action to this court. Doc. no. 1. On April 13, 2022, the Clerk of Court entered default against defendants United Guaranty and Timberland Machines.Doc. no. 15. Before the court for Report and Recommendation is U.S. Bank's motion for default judgment against United Guaranty and Timberland Machines. Doc. no. 18. Neither defendant has

opposed or otherwise responded to the motion. For the reasons that follow, the court recommends the motion for default judgment be granted.

## Standard of Review

After default is entered and when the amount at issue is not a sum certain, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Before entering a default judgment, the court "may examine a plaintiff's complaint, taking all well-pleaded factual allegations as true, to determine whether it alleges a cause of action." Ramos-Falcon v. Autoridad de Energia Electrica, 301 F.3d 1, 2 (1st Cir. 2002) (citing Quirindongo Pacheco v. Rolon Morales, 953 F.2d 15, 16 (1st Cir. 1992)). The defaulting party is "taken to have conceded the truth of the factual allegations in the complaint . . . ." Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62 (1st Cir. 2002) (quoting Franco v. Selective Ins. Co., 184 F.3d 4, 9 n.3 (1st Cir. 1999)). However, "[t]he defaulting party does not admit the legal sufficiency of [the] claims." 10 James W. Moore, Moore's Federal Practice § 55.32[1][b] (3d ed. 2013). In short, "before entering default judgment, the court must determine whether the admitted facts state actionable claims." United States v. Sullender, No. 16-cv-523-LM, 2018 WL 1368040, at *1 (D.N.H. Mar. 16, 2018) (citation omitted).

**Background**

By virtue of their default, United Guaranty and Timberland Machines concede the following facts alleged in the complaint.

The surplus funds at issue resulted from the foreclosure sale of property located in Salem, New Hampshire formerly owned by Darcy Kattar. On April 15, 2005, Kattar obtained title to the Property and the same day granted two mortgages to Sovereign Bank. In February 2020, Santander Bank, N.A. (formerly Sovereign Bank) assigned the first mortgage to U.S. Bank as Trustee of the Lodge Series IV Trust. In October, the first mortgage was then assigned to U.S. Bank as Trustee of the Dwelling Series IV Trust. In July 2010, Santander Bank, N.A. assigned the second mortgage to United Guaranty.

In addition to the mortgagees, other entities held an interest in Kattar's property. In 2007, Timberland Machines recorded a Writ of Attachment on the property. In 2018, the United States of America, through the IRS, recorded a federal tax lien on the property. In 2020, the IRS recorded a second tax lien.

In 2021, U.S. Bank foreclosed on the mortgage vis-a-vis a statutory power of sale. U.S. Bank sold the Property to a third party for $459,000.00. After crediting itself the charges and expenses associated with the foreclosure sale, and payments of the balance due from the mortgagor, U.S. Bank retained surplus

funds in the amount of $97,279.19. It then initiated this interpleader action to determine which of the parties in interest are entitled to the surplus funds and in what amounts.

## Discussion

U.S. Bank moves for entry of default judgment as to United Guaranty and Timberland Machines to expedite this matter and preclude the defendants from later making a claim for the interpleaded funds.  A copy of this motion was sent to United Guaranty and Timberland Machines.  Neither defendant has entered an appearance or responded to the complaint or any pleading.

A defendant in an interpleader action who fails to respond or otherwise assert a claim to the funds at issue, forfeits any claim to those funds.  See Deutsche Bank Nat'l Tr. Co. for Ameriquest Mortg. Sec. Inc., Asset-Backed Pass-Through Certificates, Series ARSI 2006-M3 v. Punko, No. 18-CV-10640-ADB, 2018 WL 2727901, at *2 (D. Mass. June 6, 2018); Sun Life Assur. Co. of Canada, (U.S.) v. Conroy, 431 F. Supp. 2d 220, 227 (D.R.I. 2006).  As defendants United Guaranty and Timberland Machines neither appeared nor defended this action, there is no basis to conclude that either has rights to the surplus funds. Accordingly, and because Neither United Guaranty nor Timberland Machines is either a minor or an incompetent person, entry of default judgment is appropriate.  The district judge should grant U.S. Bank's motion for default judgment and enter judgment

that United Guaranty and Timberland Machines shall not be entitled to any part of the $97,129.19 transferred to the registry of the court.

## Conclusion

For the foregoing reasons, the court recommends the district judge grant U.S. Bank's motion for default judgment against defendants United Guaranty and Timberland Machines (doc, no. 18).

Any objection to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

June 22, 2022

cc: Counsel of Record